## 54836. GARRETT v. DIAMOND et al.

DEEN, Presiding Judge.

The appellees are a real estate firm. Garrett and his wife were shown a house owned by the Diamonds and on July 12 he agreed to purchase it. The contract recites that the purchase price is $31,000: $1,000 cash down payment, assumption of existing V. A. loan in the amount of $27,000, "1st mortgage payment of $257.83," and "a land contract in the amount of $3,000 with monthly payments of $62.58 for 60 months, 2nd mortgage." The contract stipulates that it "constitutes the entire agreement between the parties" but it does not otherwise set out or limit the provisions of the "land contract." Garrett was being transferred to Korea and did not appear the next day, as the Diamonds testify he had agreed, to sign the secondary agreement. Eventually he sent his wife a power of attorney and she signed his name to the so-called land contract. This latter reiterated the payment provisions of the sales contract, provided for delivery of the deed free and clear of all encumbrances "if purchaser makes all payments and performs the covenants contained herein," contained two provisions relating to grace period and tax payments, and a special stipulation that "this is a Landlord Tenant agreement until paid in full."

Garrett early fell into arrears on both the first and second mortgage payments. Eventually a warranty deed was delivered to him (Mrs. Diamond contends that this was made by mistake on the part of her former attorney) and this was followed the next day by an action for breach of contract seeking the balance of the purchase price. The

Diamonds had in fact kept up the first mortgage payments, and apparently sought to accelerate both mortgage debts.

Garrett replied contending (a) that delivery of the warranty deed superseded all former agreements, and (b) that he was induced to purchase the property by the fraudulent representations of the plaintiff that the house was covered by insurance which would be transferred to him as beneficiary and which would cover his household and personal property; that thereafter the house was burglarized and $3,000 worth of personal property stolen, and it then appeared that there was no insurance covering this loss.

On the trial of the case the Garretts testified substantially in accordance with their pleadings. Mrs. Diamond said: "I recall him asking about the insurance policy, and he was told that it did have hazardous [sic] insurance, no mention of contents coverage or homeowner's." At the conclusion of the trial the judge directed a verdict for the plaintiff in the amount admittedly owing on delinquent first and second mortgage payments, and against the defendant's counterclaim. *Held:*

1. The plaintiffs sued for breach of contract and made no attempt to foreclose on the delinquent security instruments. There being no dispute as to the amount owing on the installment obligations, it was proper to direct a verdict in favor of the plaintiffs for this amount.

2. It is obvious that the sale contract and its ancillary land agreement must be construed in pari materia. Neither mentions any obligation regarding insurance, and the sale contract specifies that it constitutes the entire agreement between the parties. Therefore, at least as to any subject matter not included in the ancillary agreement, parol evidence cannot be admitted to vary its terms. Code § 20-704 (1). Nor can parol evidence be admitted to contradict deeds which are absolute on their face. *Harden v. Orr,* 219 Ga. 54 (1) (131 SE2d 545). One exception to these general rules is exemplified by *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401) where equity will take cognizance of an action on an independent oral agreement the consideration of which is

that it *induced the purchasers to enter* into the contract of sale. Such an oral agreement is not alleged here, although it is contended that the loss resulted from the plaintiffs' fraudulent misrepresentations concerning extant insurance. In such a case the rule exemplified by *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 731 (16 SE2d 176) obtains. Where fraud in the inducement is alleged, the pleader has a choice between rescinding the contract or affirming it. If he rescinds he is not bound by any of its provisions, but in order to rescind successfully he must return or offer to return the subject matter of the sale in order to place the seller in the same situation in which he was prior to the transaction. If he affirms and suffers damages he is entitled to recover those damages which he can prove, but he is *bound by the contract,* having elected to stand upon it. In the present case the defendant elected to retain title to the house. Neither the sales contract nor the land contract placed any obligation on the seller regarding insurance. No other consideration for an oral insurance contract is suggested except as an inducement to the purchase and this, as demonstrated, is inadequate. Accordingly, it was not error to direct a verdict in favor of the seller as against the contention that he had orally represented that the insurance on the building would cover contents subsequently deposited there by the purchaser.

3. It is undisputed that the sellers retained title to and insurance coverage on the building until sometime after the burglary, and that no contents coverage was in existence. In view of the above rulings, the remaining enumerations of error complaining of the exclusion of testimony regarding "assurance that insurance coverage would be transferred," "explanation why they failed to transfer the insurance," "whether appellant believed the statements to be true," etc. even if error would not affect the outcome of this case.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 2, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977.

*Elkins* & *Flournoy, T. M. Flournoy, Jr.,* for appellant.

*Hirsch, Beil* & *Partin, John Partin, Nelson C. Coffin,* for appellees.