A93A2296. HAEHN v. ALHEIT.
(441 SE2d 529)

COOPER, Judge.

Defendant appeals the trial court's denial of his motion for directed verdict in this case tried by the court without a jury.

Plaintiff brought suit against defendant seeking to recover money allegedly owed to him under an oral contract between plaintiff and the defendant. At trial, plaintiff testified that defendant orally promised to pay him $1,000 a month for 36 months beginning "around April of 1988" if plaintiff would guarantee financing for the floor plan of a motorcycle business defendant was seeking to acquire. Plaintiff's version of the oral contract was corroborated by the deposition testimony of one of his employees who was present during the parties' conversations concerning the contract. A personal guaranty signed by plaintiff and his wife guaranteeing the debts of the motorcycle busi-

ness was introduced into evidence. Plaintiff testified that he had to put up the entire assets of his junkyard business in order to give the guaranty. He further testified that the defendant sent him two checks for $500 each in July and October of 1988 but that he received no other payments under the agreement.

Defendant testified that the oral agreement he reached with plaintiff was that he would give plaintiff ten percent of the profits of the motorcycle business if plaintiff would guarantee the floor plan so that defendant could acquire the business. Defendant acknowledged that he could not have acquired the floor plan without such a guaranty since his own net worth was not sufficient to back the guaranty. He admitted that the business had turned a profit during March through June of 1988 but that he had not sent any money to plaintiff until July of that year. At the plaintiff's request, defendant's brother was substituted as guarantor in February 1989.

Defendant moved for directed verdict at the close of plaintiff's case and again at the close of all the evidence. The trial court denied the motions, finding that the parties had entered into such an oral agreement and that plaintiff was entitled to $11,000 for the 11-month period he served as guarantor minus the $1,000 paid by defendant, plus prejudgment interest.

1. We first note that it was procedurally incorrect for defendant to move for a directed verdict in this bench trial since there was no jury; thus, the denial of the motion will be construed as one for involuntary dismissal under OCGA § 9-11-41 (b). *Hertz Corp. v. McCray*, 198 Ga. App. 484 (1) (402 SE2d 298) (1991). "Under Sec. 41 (b), a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case. If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence. . . . Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) Id. at 484-485.

2. Defendant first argues the trial court erred in denying his motion to dismiss because the evidence established that the plaintiff and defendant were partners in the motorcycle business and pursuant to the Supreme Court's decision in *Miller & Son v. Freeman*, 111 Ga. 654 (36 SE 961) (1900), one partner cannot, prior to a final dissolution of the partnership, bring an action against a co-partner based on partnership transactions. However, the trial court found that the parties were not partners and that the plaintiff's only participation in the defendant's motorcycle business was as a guarantor.

Certain documentation introduced at trial indicated that the parties were partners in the motorcycle business. However, defendant

testified at trial that the motorcycle business was currently operated as a sole proprietorship, and there is no evidence of any dissolution of the alleged partnership. Moreover, defendant testified that plaintiff's only role had been to serve as a guarantor and that his sole obligation to plaintiff ended when his brother was substituted as the guarantor. Defendant further admitted that the plaintiff had nothing to do with the daily operations of the business, that plaintiff was never consulted about any aspect of the business, and that plaintiff had never contributed any money to the business. Although the evidence was conflicting, because there was some evidence to support the trial court's determination that the plaintiff was not a partner in the motorcycle business, we find this enumeration to be without merit. See *Hertz*, supra at 485.

3. Defendant next argues the trial court erred in denying his motion because oral contracts that are not to be performed within one year are not enforceable under the statute of frauds. OCGA § 13-5-30 (5). Plaintiff responds that the contract was enforceable because it was partially performed within the meaning of OCGA § 13-5-31 (3). Specifically, plaintiff contends that his execution of the guaranty agreement and his serving as guarantor for a period of 11 months was sufficient part performance of the oral contract as to take it out of the statute of frauds. "Partial performance which will vitiate the statute of frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other." (Citations and punctuation omitted.) *White House v. Winkler*, 202 Ga. App. 603, 607 (415 SE2d 185) (1992). Defendant benefitted by plaintiff's execution of the guaranty agreement because his own net worth was not sufficient to enable him to acquire the floor plan for the motorcycle business without such a guaranty. Plaintiff suffered a detriment by virtue of putting up as collateral the assets of his junkyard business and taking on the risk of guaranteeing the debts of defendant's motorcycle business if such were not paid by the defendant. Although plaintiff may not have suffered any monetary detriment since he was not required to pay any debts under the guaranty, he did, to his detriment, assume the risk of having to pay such debts by virtue of executing the guarantee. Furthermore, given defendant's admission that plaintiff's end of the bargain was to guarantee the floor plan so that defendant could acquire the motorcycle business, arguably, plaintiff fully performed his part of the agreement with defendant simply by virtue of executing the guaranty. See OCGA § 13-5-31 (2). Because there was some evidence of either full or part performance sufficient to take the oral contract out of the statute of frauds, the trial court did not err in denying defendant's motion to dismiss on this issue. See *Rose v. O'Brien*, 191 Ga. App. 36 (2) (380 SE2d 730) (1989).

4. Finally, defendant asserts the trial court erred in denying his motion because plaintiff failed to show that he sustained any actual damages. We find this enumeration to be without merit. Plaintiff testified that, other than the two checks totalling $1,000 he received from defendant, he did not receive the $1,000 a month he was entitled to be paid under the terms of the oral contract during the eleven months he served as guarantor; thus, the trial court properly concluded that plaintiff suffered damages in the amount of $10,000. See OCGA § 13-6-6.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 2, 1994.

*William H. Turner, Jr.*, for appellant.
*Harry B. White*, for appellee.