## A94A1108. HIGHTOWER v. CENTURY 21 FARISH REALTY.
(448 SE2d 271)

BIRDSONG, Presiding Judge.

A. Derrell Hightower appeals the trial court's grant of summary judgment to Century 21 Farish Realty ("Farish Realty").

Several years after Hightower purchased a lake-front lot from a third party with Farish Realty as the seller's agent he learned he could not put a septic tank on the lot. Hightower then sued Farish Realty asserting a claim of fraud in that, according to Hightower, Farish Realty represented he could build a septic tank on the lot. He also asserted that he would not have purchased the lot if he had known he could not build a septic tank. Farish Realty contends, however, that Hightower cannot recover because he signed a sales contract that stated he had not relied upon any representations by Farish Realty, because no negligent representations were made, and because Hightower failed to exercise reasonable diligence by ascertaining whether a septic tank could be installed before buying the property.

The record shows that at a family outing Hightower asked his sister-in-law, a sales agent for Farish Realty, if she could show him a lot on a lake where a retirement home could be built. Later, the sister-in-law showed them the particular lake-front lot involved in this appeal. During a visit to the lot, the sister-in-law told Hightower that a septic tank would be needed on the lot. The record is clear, however, that no one represented to Hightower that a septic tank could be installed on the lot. Although Hightower apparently spoke to the seller about the lot prior to the sale, personally walked the lot several times, caused a survey to be run, and had a title search conducted, he did not test the soil to determine whether a septic tank could be installed. He maintains, however, he saw neighboring lots had septic tanks.

Hightower signed a contract to purchase the lot on August 1, 1987. The contract specifically provided that the purchaser had the right to inspect, examine, test, and survey the property, and also provided that the purchaser acknowledged that he had not relied upon any advice or representations by Farish Realty "relative to the legal and tax consequences of this contract, in the sale of the premises, the purchase and ownership of the premises, the structural condition of the premises, the operating condition of the electrical, heating, air conditioning, plumbing, water heating systems and appliances of the premises, the availability of utilities to the premises or the investment potential or resale value of the premises. Seller and purchaser both

acknowledging that if such matters have been of concern to them, they have sought and obtained independent advice relative thereto." The contract also provided: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto."

In May 1992, Hightower applied for a building permit for his retirement home, but was told that he first must obtain a septic tank permit. When he applied for the septic tank permit, his application was denied. Thereafter, in July 1992, Hightower filed this action alleging fraud and seeking compensatory damages, punitive damages, and attorney fees. Before filing his action for fraud, Hightower did not attempt to rescind the contract and his complaint did not seek rescission. It was not until March 1993, that Hightower attempted to rescind the contract. Then, on May 11, 1993, Hightower filed an amended complaint alleging counts of negligent misrepresentation and professional negligence.

After Farish Realty moved for summary judgment, the trial court granted summary judgment to Farish Realty on the counts of the complaint and amended complaint because the trial court found that Hightower was bound by the terms of the contract, including the disclaimer quoted above, which precluded his reliance upon any representations made by Farish Realty. Later, however, the trial court vacated the grant of summary judgment on the counts alleged in the amended complaint. Farish Realty's subsequent motion for summary judgment on these claims was granted as the trial court found that the claim for professional negligence was barred by the statute of limitation and the negligent misrepresentation claim was barred because of the disclaimer in the contract.

Hightower appeals. He contends the trial court erred by granting summary judgment to Farish Realty on his negligence claim, by ruling as a matter of law that Hightower failed to exercise due diligence, and by ruling that the disclaimer provision in the contract prevented Hightower from asserting reliance on the alleged misrepresentation. *Held*:

1. Hightower's contention that he is not bound by the disclaimer in the contract is without merit. A purchaser claiming he was fraudulently induced to enter a sales contract has an election of remedies: (1) promptly after discovering the fraud he may rescind the contract and sue in tort for recovery of the purchase price and for any additional damages resulting from the alleged fraud; or (2) he may affirm the contract and sue for damages resulting from the fraud. This second suit, however, is not one for breach of contract, but one in tort. As these suits involve affirmance of the contract, the defrauded party

may keep the benefits of the contract and still maintain an action for damages suffered because of the fraud. Although the action is in tort, it is based on the affirmance of the contract and seeks damages resulting from fraud arising from the contract. Because the allegedly defrauded party elected to affirm the contract, that party is bound by the contract's terms and is subject to any defenses which may be based on the contract. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74-75 (441 SE2d 421).

Under the facts of this case, including Hightower's failure to attempt rescission before filing his complaint and amended complaint, the trial court did not err by holding that this is a case in which Hightower sought to affirm the contract and recover damages resulting from the alleged fraud. OCGA § 13-4-60; *Ben Farmer Realty Co. v. Woodard*, supra; *Nexus Svcs. v. Manning Tronics*, 201 Ga. App. 255, 256 (410 SE2d 810). Consequently, Hightower is bound by the terms of the contract, especially the provision disclaiming that Hightower relied upon representations by Farish Realty.

2. Hightower's contention that the trial court erred by holding as a matter of law that he had not exercised due diligence is also without merit. The record shows that Hightower was aware a septic tank would be necessary, but he took no action to determine whether a septic tank could be installed on the property. A jury issue might exist if Hightower had taken any action to determine whether a septic tank could be installed, but the evidence shows he took no such action. The trial court did not err by ruling as a matter of law that he did not exercise due diligence. In any event the disclaimer clause in the contract prevented Hightower from asserting reliance on the alleged misrepresentations. *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790 (359 SE2d 920). Hightower's attempt to distinguish the *Guernsey Petroleum Corp.* decision as a fraud case rather than a case involving negligent misrepresentation is unavailing. The same principles apply to both fraud and negligent misrepresentation cases. *Robert &c. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 681 (300 SE2d 503); *American Legion v. Foote & Davies*, 193 Ga. App. 225, 227 (387 SE2d 380).

Further, while Hightower asserts that his sister-in-law negligently represented falsely that he could install a septic tank on the lot, the evidence, by his own admission, does not support this claim. Instead, the evidence shows that Hightower was told that he *"would"* need a septic tank. Consequently, the affidavit from Hightower's expert asserting that Hightower would be more likely to rely upon representations from relatives is without probative value. Further, rather than inducing reliance that a septic tank could be installed, the statement that a septic tank would be necessary could only heighten Hightower's awareness for the need for a septic tank. Thus, Hightower's

contention that a house could be built on the lot cannot be separated from his sister-in-law's statement that a septic tank would be necessary. Moreover, Hightower's admission demonstrates that there is no factual basis for his contention that there was a misrepresentation.

3. Farish Realty's motion for imposition of a penalty under Court of Appeals Rule 26 is denied.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 26, 1994.

*Gary P. Bunch*, for appellant.

*Lefco & Blumenthal, Stanley M. Lefco, Tisinger, Tisinger, Vance & Greer, C. David Mecklin, Jr., Michael T. Camp*, for appellee.