A00A1779. KELLER et al. v. HENDERSON et al.
(545 SE2d 705)

BARNES, Judge.

This appeal arises from an action for fraud filed by Franklin and Petra Henderson, the purchasers of a house, against Darnell Phillips Keller and Alva Lionel Phillips, Jr., the sellers (collectively "Keller"), as executors of the estate of Alva L. Phillips, Sr. The Hendersons allege that Keller, with intent to deceive and induce them to buy the property, failed to disclose that a sunroom heater was defective and that the basement floods when it rains. Later, the Hendersons amended their complaint to allege that, even though asked directly, Keller failed to disclose that the property was on a septic tank.

Subsequently, Keller moved for summary judgment, contending that the Hendersons were not fraudulently induced to enter into the agreement because no false representations were made, Keller did not know of any defects in the house, Keller had no intention to induce the Hendersons to act, the Hendersons did not justifiably rely

---

[7] *In the Interest of M. C.*, 243 Ga. App. 707, 712 (2) (534 SE2d 442) (2000).

on any representations by Keller, and the Hendersons did not incur any damages. Keller also contended they were not liable because the Hendersons bought a vacant, older house, they affirmed the sales contract, and the condition of the property was the result of an act of God.

After the trial court denied Keller's motion for summary judgment and they obtained permission to file an interlocutory appeal, this appeal followed. Keller contends the trial court erred by denying their motion on the issues about disclosure of the water heater, the septic tank, and the flooding.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the trial court should give the party opposing the motion the benefit of all reasonable doubt and should construe the evidence and all inferences and conclusions therefrom most favorably toward that party. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When appellate courts review the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. In this state, the five elements of fraud and deceit are: "(1) false representation made by defendant; (2) scienter; (3) intention to induce plaintiff to act or refrain from acting in reliance by plaintiff; (4) justifiable reliance by plaintiff; and (5) damage to plaintiff." (Citation omitted.) *Butler v. Terminix Intl.*, 175 Ga. App. 816, 817 (2) (334 SE2d 865) (1985). Further, in an action for fraudulent concealment, "the allegedly defrauded party must prove that the alleged defrauder had actual, not merely constructive, knowledge of the fact concealed." (Citations, punctuation and emphasis omitted.) *Webb v. Rushing*, 194 Ga. App. 732, 733 (1) (391 SE2d 709) (1990).

Giving the Hendersons the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions in their favor, the record shows that the Hendersons agreed to buy and Keller agreed to sell a house formerly owned by Alva L. Phillips, Sr. Shortly after closing on the house and taking possession, the Hendersons noticed that the basement flooded during rains. Subsequently, they also learned that, contrary to representations made to them, the house was on a septic tank, not on the city sewer line.

In addition to the clauses directly related to the sale, the contract signed by the parties contains certain clauses important to this case. The "Seller's Property Disclosure" clause stated that a "Seller's Property Disclosure Statement is attached hereto and incorporated herein." The Seller's Property Disclosure Statement, however, was not attached to the contract when it was signed because it was not

completed until over a month later.

The contract also contains a clause providing that the

> Agreement constitutes the sole and entire agreement between the parties hereto and no modification or assignment of this Agreement shall be binding unless signed by all parties to this Agreement. No representation, promise, or inducement not included in this Agreement shall be binding upon any party hereto.

In another clause, the sellers and buyers acknowledged that they had not relied on any "advice, representations or statements" made by the brokers.

A purchaser claiming he was fraudulently induced to enter into a sales contract has an election of remedies:

> (1) promptly after discovering the fraud he may rescind the contract and sue in tort for recovery of the purchase price and for any additional damages resulting from the alleged fraud; [or] (2) he may affirm the contract and sue for damages resulting from the fraud. This second suit, however, is not one for breach of contract, but one in tort. As these suits involve affirmance of the contract, the defrauded party may keep the benefits of the contract and still maintain an action for damages suffered because of the fraud. Although the action is in tort, it is based on the affirmance of the contract and seeks damages resulting from fraud arising from the contract. Because the allegedly defrauded party elected to affirm the contract, that party is bound by the contract's terms and is subject to any defenses which may be based on the contract.

(Citation omitted.) *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 523-524 (1) (448 SE2d 271) (1994). To rescind one must return or offer to return the subject matter of the contract to place the seller in the same situation in which he was before the sale. *Garrett v. Diamond*, 144 Ga. App. 428, 430 (2) (240 SE2d 912) (1977). As the records show no effort to rescind the contract, the Hendersons have elected to seek the second remedy discussed above. Consequently, they are bound by the terms of the contract, including the clauses specified above.

3. Keller claims the trial court erred by denying their motion for summary judgment on the Hendersons' claim that the sellers failed to disclose that a water heater was improperly vented. Keller contends only that the purchasers waived any claim concerning the water heater by signing an "Amendment to Remove Inspection Con-

tingency." A statement in the amendment that "the gas heater on the sun porch to be repaired" is lined through and the statement "pilot light out — has been re-lit" is written in. We cannot agree with Keller that this statement waives a claim based on improper venting of the water heater. The amendment merely shows that the heater had not been working at one point and does not address any venting issues. Nevertheless, we cannot affirm the trial court on this issue because Keller denied any knowledge of this problem and the Hendersons presented no evidence showing that Keller knew of any venting problem with the heater. Accordingly, the trial court must be reversed on this issue.

4. In the same manner, the trial court also erred by denying Keller's motion concerning the septic tank. No evidence exists that Keller represented to the Hendersons that the house was connected to the city sewer. All the representations that the Hendersons rely upon were made by the real estate agents, not Keller. The Hendersons have identified no occasion on which the sellers, personally, made such misrepresentations. To the contrary, as early as February 26, 1997, Keller signed a Sellers Property Disclosure Statement, clearly stating that the house was on a septic tank.

Even though the buyers deny seeing the property disclosure statement until long after they took possession of the house, that fact is not significant. Here, the contract specifically provides that representations, promises, or inducements not included in the agreement shall not be binding and also states that the buyers acknowledged they had not relied on any "advice, representations or statements" made by the brokers. Under these circumstances, the trial court erred by denying the sellers' motion. Thus, the disclaimer clause in the contract prevents the Hendersons from asserting reliance on alleged misrepresentations that were not made part of the contract. *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 791-792 (1) (359 SE2d 920) (1987). They are "bound by the contract's terms and [are] subject to any defenses which may be based on the contract." (Citation omitted.) *Hightower v. Century 21 Farish Realty*, supra, 214 Ga. App. at 524 (1). Purchasers who affirm a contract with a merger or disclaimer provision and retain the purchased articles are estopped from asserting they relied on a seller's misrepresentation. *Roth v. Bill Heard Chevrolet*, 166 Ga. App. 583 (305 SE2d 31) (1983). Accordingly, the trial court erred by denying Keller's motion for summary judgment as it concerned the septic tank claim.

5. The trial court did not err, however, by denying the motion for summary judgment on the claims arising from the flooding basement.

As was pointed out by this court in *Wilhite v. Mays*, 140 Ga.

App. 816, 817 (232 SE2d 141)[, aff'd, 239 Ga. 31 (235 SE2d 532)], fraud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. Traditionally, the rule of caveat emptor had applied and the sales contract merged into the warranty deed and foreclosed any right of remedy by the purchaser after the closing of the contract by transfer of the deed. See *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919). *Wilhite*, supra, changed the rule of caveat emptor and placed upon the builder-seller a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction.

*Mulkey v. Waggoner*, 177 Ga. App. 165, 166 (338 SE2d 755) (1985) (physical precedent).

In this case, the Hendersons point to the Seller's Property Disclosure Statement, which is part of the contract, in which Keller acknowledged that the basement leaked, but attributed the leak to an air conditioner drain hose that had been repaired. Even though Keller contends they knew of no recurring problem with the basement leaking, this contention was contradicted by neighbors who stated that the basement had leaked from rainwater, and Keller was aware of the problem, but decided not to fix it. This evidence was sufficient to create a genuine issue of material fact on Keller's knowledge of the leaking basement. The trial court did not err by denying the motion for summary judgment on this ground.

Accordingly, the judgment of the trial court must be reversed and the case remanded to the trial court with direction to grant summary judgment to Keller on the issues concerning the water heating venting and the septic tank and for further proceedings on the Hendersons' remaining claim concerning the basement flooding.

*Judgment reversed with direction. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2001.

*William F. Brogdon*, for appellants.
*Calvin M. McMullen*, for appellees.