A01A0518. SMITH SERVICE OIL COMPANY, INC. v. PARKER.

(549 SE2d 485)

PHIPPS, Judge.

Smith Service Oil Company, Inc. sold a service station to Gregory Parker for $1,000,000. The real estate sales contract contained a clause providing that, at the closing, the parties would enter into a supply contract whereby Parker would purchase gasoline for the station from Smith for ten years at a cost of one cent per gallon above Smith's cost. Approximately two months after the closing, Parker's attorney sent a proposed supply contract to Smith, but it was never executed. Nonetheless, Parker purchased gasoline for the station from Smith for approximately 18 months. When Parker thereafter refused to accept any further deliveries of gasoline, Smith sued for breach of contract and, alternatively, unjust enrichment. The trial court granted Parker's motion to dismiss the complaint, finding that no valid and enforceable supply contract existed.

Smith claims that the trial court erred by refusing to enforce the supply contract clause of the real estate sales contract. Smith also claims that the proposed supply contract was enforceable and was not subject to the Statute of Frauds because of the parties' partial performance of the contract. We agree with the trial court that no enforceable supply contract exists and find that the proposed supply contract was subject to the Statute of Frauds. We further find that Smith has failed to state a claim for unjust enrichment. We therefore affirm the dismissal of Smith's complaint.

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. [Cit.]"[1] Our review is de novo.[2]

1. Smith argues that the supply contract clause of the real estate sales contract contained all of the essential elements of a contract and should be enforced.

"Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a

---

[1] *Croxton v. MSC Holding*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997).
[2] Id.

contract in the future is of no effect."[3] The supply contract clause failed to include at least one essential element — the quantity of gasoline to be supplied. It could not be considered a valid "requirements" contract,[4] which would require Parker to purchase all of his gasoline from Smith, because it does not provide that Parker will obtain his gasoline from Smith *exclusively*.[5] We therefore agree with the trial court that the clause did not constitute an enforceable contract requiring Parker to purchase any amount of gasoline from Smith for the station.

2. Smith claims that the proposed supply contract is enforceable and requires Parker to purchase gasoline from Smith for ten years after the closing. The Statute of Frauds, however, requires that an agreement not to be performed within one year from when it was made "must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him."[6] The supply contract was not signed by either party or by anyone acting on behalf of either party.

Smith relies on an exception to the Statute of Frauds — part performance of the contract on one side, which has been accepted by the other.[7] But merely supplying gasoline to Parker for an 18-month period would not constitute part performance. "The part performance required to obviate the Statute of Frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other. [Cit.]"[8] Smith does not claim that it was harmed by its performance or that Parker failed to pay for any of the gasoline supplied.[9] Thus, the proposed supply contract was not binding on Parker, and Smith's claim must fail.

3. Smith claims that the trial court erred by considering evidence outside the pleadings without converting Parker's motion to dismiss into a motion for summary judgment. Smith fails to point to any evidence outside the pleadings that the trial court allegedly considered. The sales contract was attached as an exhibit to the complaint and was therefore part of that pleading for all purposes.[10] Although the

---

[3] (Citations and punctuation omitted.) *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879, 881 (1) (278 SE2d 750) (1981).

[4] OCGA § 11-2-306.

[5] *Billings Cottonseed v. Albany Oil Mill*, 173 Ga. App. 825, 826 (1) (328 SE2d 426) (1985).

[6] OCGA § 13-5-30 (5).

[7] OCGA § 13-5-31 (2).

[8] (Punctuation omitted.) *Metzgar v. Reserve Ins. Co.*, 149 Ga. App. 404 (254 SE2d 517) (1979).

[9] Compare *Haehn v. Alheit*, 212 Ga. App. 252, 254 (3) (441 SE2d 529) (1994) (risk of loss of collateral and risk of having to pay debts by virtue of executing guarantee constituted evidence that plaintiff suffered a detriment).

[10] OCGA § 9-11-10 (c).

trial court stated that it had considered "evidence on record" and our review shows the record contained affidavits, a closer reading of the court's order reveals that the decision rendered was based solely on consideration of the pleadings. Inasmuch as the pleadings revealed Parker was entitled to judgment, the trial court did not err in granting Parker's motion.[11]

4. In its complaint, Smith asserted an alternative claim for unjust enrichment. Parker did not seek to dismiss the unjust enrichment claim specifically,[12] and the trial court did not address it in its order granting the motion to dismiss. On appeal, Smith claims that it can submit evidence to support its allegation of unjust enrichment.

"The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated. [Cits.]"[13] Here, neither party was bound by an enforceable contract to supply or to purchase gasoline. Smith alleges damage to its business based on Parker's actions in refusing further deliveries, but there is no allegation that Smith has conferred a benefit on Parker for which it has not been compensated. Because the complaint fails to state a claim for unjust enrichment, dismissal of that claim is the appropriate remedy.[14]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 22, 2001 —
RECONSIDERATION DENIED JUNE 29, 2001 —

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney III,* for appellant.

*Oliver, Maner & Gray, Marvin A. Fentress, Amy G. Becker,* for appellee.

---

[11] *Bitterman v. Emory Univ.*, 175 Ga. App. 348, 349 (2) (333 SE2d 378) (1985).

[12] He sought to dismiss the entire complaint, but limited his argument to the breach of contract claim.

[13] *Cochran v. Ogletree*, 244 Ga. App. 537, 538-539 (1) (536 SE2d 194) (2000).

[14] See generally *Gould v. Gould*, 240 Ga. App. 481, 483 (1) (523 SE2d 106) (1999).