A05A1323. HENRY et al. v. BLANKENSHIP.
(621 SE2d 601)

MILLER, Judge.

Milton Blankenship sued Clifford and Richard Henry to require their specific performance of Blankenship's option to buy a 28-acre tract of land owned by the Henrys. Clifford Henry counterclaimed for breach of contract and fraud. The trial court granted summary judgment to Blankenship on his specific performance claim and on the counterclaims, and the Henrys appeal. For the reasons set forth below, we affirm the grant of summary judgment to Blankenship on the fraud counterclaim, but reverse the grant of summary judgment on the breach of contract counterclaim and on Blankenship's specific performance claim.

"On appeal from the grant of summary judgment[,] this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.,* 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

So viewed, evidence shows that in 1963, Clifford Henry and his wife, Ella Mae, began operating a junkyard on a 43-acre parcel of land. Clifford bought the land, but then transferred it to his wife. Clifford remained responsible for management of the junkyard business.

In 1997, Blankenship approached Clifford about buying a portion of the property owned by Clifford's wife. In December 1997, Blankenship and Ella Mae entered into a Purchase and Sale Agreement pursuant to which Blankenship agreed to buy 15 acres of the property at a purchase price of $15,000 per acre. The agreement also granted Blankenship a ten-year option to buy the remaining twenty-

eight-acre portion of the property at a purchase price of $15,000, "plus Six (6%) percent per annum added to the $15,000 per acre, per year."

Clifford averred that in December 1997, he and his wife also entered into an oral agreement with Blankenship providing, among other things, (i) that Blankenship would begin operating a car skeleton processing plant on the fifteen-acre parcel within six to fifteen months and construct a railroad spur for use in hauling large quantities of metal, (ii) that Blankenship would purchase as many of the car skeletons generated by the junkyard as Clifford wanted to sell (at a fifty-cents-per-hundred-pound premium over market price), and (iii) that all junk vehicles could remain on the property until they were processed in the car skeleton processing plant. Blankenship, however, never operated a car skeleton processing plant on the property, never purchased any car skeletons from Clifford's junkyard, and eventually demanded that all junk vehicles be removed from the property.

Ella Mae died on November 20, 2001, leaving Clifford and Richard Henry as her heirs at law. On January 13, 2004, Blankenship exercised his option to purchase the 28-acre parcel, but the Henrys did not attend the scheduled closing. Blankenship then brought his complaint for specific performance. In their answer, the Henrys denied that Blankenship was entitled to relief, and Clifford asserted counterclaims for breach of contract and fraud, alleging that Blankenship had breached certain oral agreements with him and that Blankenship had no intention of honoring the agreements at the time that he made them. Blankenship moved for summary judgment on his specific performance claim and on Clifford's counterclaims. The trial court granted Blankenship's motions for summary judgment, and this appeal followed.

1. Clifford claims that the trial court erred in granting Blankenship's motion for summary judgment on Clifford's counterclaims for breach of contract and fraud. We conclude that the trial court erred in granting summary judgment to Blankenship on Clifford's breach of contract claim; however, the trial court correctly granted summary judgment to Blankenship on Clifford's fraud claim.

(a) "A party is entitled to prove the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them." (Citation and punctuation omitted.) *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423, 425 (1) (211 SE2d 720) (1975). Here, the written contract does not contain a "merger clause" or other provision indicating that it was the entire agreement between the parties. Compare *Great American Builders v. Howard*, 207 Ga. App.

236, 240 (2) (427 SE2d 588) (1993) (in view of written contract's "entire agreement clause," prior verbal agreement could not be enforced). The writing also refers to the 15-acre parcel as the site for the "car skeleton processing plant," which is not otherwise mentioned in the written contract but which is the subject of the alleged oral agreement. The terms of the alleged oral agreement are not inconsistent with the written contract. Accordingly, we conclude that Clifford was entitled to prove the alleged oral agreement between himself, his wife, and Blankenship. See *Diamondhead Corp. v. Robinson*, 144 Ga. App. 60, 62 (2) (240 SE2d 572) (1977) ("a distinct, collateral oral agreement that is consistent with and usually forms part of the consideration or inducement for the second written agreement, may be established by parol evidence") (citation and punctuation omitted).

Since evidence shows the existence of the oral contract, the issue becomes whether the oral contract is enforceable. Blankenship contends that the oral contract fails for lack of mutuality because Clifford and his wife provided no consideration. This argument fails because the written sales contract may serve as consideration for Blankenship's promises under the oral contract. See *Langenback v. Mays*, 205 Ga. 706, 711 (1), (2) (54 SE2d 401) (1949) (where land buyer sued to enforce seller's oral promise not to compete with buyer's business, written sales contract was sufficient consideration to support the verbal agreement); *Garrett v. Diamond*, 144 Ga. App. 428, 429-430 (2) (240 SE2d 912) (1977) (written sales contract may be the consideration for an oral contract).

The trial court found that Blankenship's promise to purchase car skeletons from Clifford was unenforceable in view of *Smith Svc. Oil Co. v. Parker*, 250 Ga. App. 270 (549 SE2d 485) (2001). In that case, the parties to a real estate sales contract agreed that they *"would enter* into a supply contract whereby [the buyer] would purchase gasoline for the station from [the seller] for ten years at a cost of one cent per gallon above [the seller's] cost." (Emphasis supplied.) Id. We concluded that since the quantity of gasoline to be supplied remained to be decided, the parties had not agreed to all essential terms of the contract. Id. at 270-271 (1). Here, however, Clifford avers that the parties agreed to the essential terms of the oral agreement, which include a quantity provision limiting Blankenship's obligation to buy to those car skeletons generated by Clifford's junkyard. Unlike the contract in *Smith*, the oral agreement here was not an "agreement to agree" in the future, but an agreement containing the present and defined obligations of the parties. Therefore, we conclude that the oral contract was not unenforceable as a matter of law. See *Kreimer v. Kreimer*, 274 Ga. 359, 363 (2) (552 SE2d 826) (2001) (settlement agreement was not an unenforceable "agreement to agree," even

though shares of stock to be transferred were not identified, as this was a nonessential term).

The trial court also found that because the oral contract was for more than a year, it was required to be in writing under the Statute of Frauds. OCGA § 13-5-30 (5) provides that "[a]ny agreement that is not to be performed within one year from the making thereof" must be in writing to be enforceable against the promisor. Thus, if the promise may possibly be performed within a year, it does not fall within this provision. See *Klag v. Home Ins. Co.*, 116 Ga. App. 678, 687 (158 SE2d 444) (1967) (noting that possibility of performance within one year dispenses with the necessity that the contract be in writing). Evidence shows that Blankenship agreed to construct the car skeleton processing plant and railroad spur within six to fifteen months, and these promises were clearly capable of performance within one year. Furthermore, the evidence does not demand the finding that the other obligations under the alleged oral agreement could not have been performed within one year. See, e.g., *Parker v. Crider Poultry, Inc.*, 275 Ga. 361, 362 (1) (565 SE2d 797) (2002) (contract of employment for indefinite duration, though possibly lasting for many years, is outside the Statute of Frauds). Accordingly, Blankenship did not establish that the oral agreement was unenforceable by reason of OCGA § 13-5-30 (5).[1] Since genuine issues of material fact remain for the trier of fact, the trial court erred in granting summary judgment to Blankenship on Clifford's breach of contract counterclaim.

(b) Clifford also claims that the trial court erred in granting summary judgment to Blankenship on Clifford's counterclaim for fraud. We disagree.

The elements of fraud include: "(1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." (Citation and punctuation omitted.) *Pyle v. City of Cedartown*, 240 Ga. App. 445, 447 (1) (524 SE2d 7) (1999). Clifford contends that Blankenship made the oral promises with the present intent not to perform. See *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 795 (3) (547 SE2d 373) (2001) (generally, fraud cannot be based on promises to perform some act in the future, but an exception exists where a promise is made with a present intent not to perform). Clifford claims that although Blankenship purchased a "hammer mill" for use on the property, Blankenship knew that the manufacturer did not recommend the machine for shredding metal,

---

[1] We acknowledge that Blankenship's promise to purchase car skeletons could possibly fall within the UCC Statute of Frauds provision. OCGA § 11-2-201. The UCC Statute of Frauds, however, was not addressed by the parties on appeal or by the trial court below. We therefore will not address that issue here.

and Blankenship never actually processed a car through the machine. This evidence, however, does not create an issue of fact regarding fraud in light of Blankenship's uncontradicted testimony that (i) "a hammer mill is only a part of a car shredding operation"; (ii) the manufacturer's representative told Blankenship that the hammer mill could process metal; (iii) Blankenship did assemble the hammer mill machine on the 15-acre parcel, but was ordered to cease and desist its operation by Cherokee County before he could commence shredding; and (iv) Blankenship hired a lawyer to contest the order. In view of the evidence, we conclude that the trial court correctly granted summary judgment to Blankenship on Clifford's fraud counterclaim.

2. The Henrys claim the trial court erred in granting summary judgment to Blankenship on his specific performance claim. We agree.

Specific performance "is not a remedy that either party can demand as a matter of absolute right and will not be granted in any given case unless strictly equitable and just." (Footnote omitted.) *Kirkley v. Jones*, 250 Ga. App. 113, 116 (2) (550 SE2d 686) (2001). The Supreme Court of Georgia has indicated that summary adjudication is inappropriate if the trial court must address, "as a matter of substance, whether equitable relief is appropriate." *Amdahl Corp. v. Ga. Dept. of Admin. Svcs.*, 260 Ga. 690, 697 (3) (398 SE2d 540) (1990). See also *Kelly v. Vargo*, 261 Ga. 422, 423 (2), n. 1 (405 SE2d 36) (1991) (referring to disadvantages of a trial court entering summary judgment on a claim of equitable relief).

As we held in Division 1 above, material issues of fact remain on Clifford's counterclaim for breach of the oral contract, and resolution of that issue touches upon the fairness of the option contract. "Mere inadequacy of price, though not sufficient to rescind a contract, may justify a court in refusing to decree a specific performance, as may *any other fact* showing the contract to be unfair, unjust, or against good conscience." (Emphasis supplied.) OCGA § 23-2-133. The evidence is also conflicting as to the value of the 28-acre parcel at the time of the option agreement, and, in the case of a suit for specific performance of an option to buy land, the fairness and adequacy of the option price are measured by the land value at the time of the contract. See *Scott v. Lester*, 242 Ga. 730, 732 (251 SE2d 257) (1978). In view of the foregoing, we conclude that the trial court erred in granting Blankenship's motion for summary judgment on his specific performance claim.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellants.
*Bray & Johnson, H. Michael Bray*, for appellee.