18447. BAKER *v.* SCHNEIDER *et al.*
18448. SCHNEIDER *et al. v.* BAKER *et al.*

</div>

HEAD, Justice. 1. A partnership may be created by parol contract, Code § 75-101. If there be no agreement as to the time of its continuance, the partnership is at will and may be dissolved at any time by any partner on the giving of three months' notice to his partners. Code § 75-106.

2. The petition alleges that the business of the partnership was incorporated in June, 1946. The judgment of incorporation terminated the partnership and was notice to the plaintiff and all interested persons of its termination. The action for an accounting based on the parol contract of partnership, filed more than four years after the termination of the partnership, is barred by the statute of limitations. Code § 3-706.

3. The contention of the plaintiff that the defendant Schneider was a trustee under an implied trust can not be maintained. An implied trust is necessarily based upon an implied contract—implied either in fact or in law. *Guffin* v. *Kelly*, 191 *Ga.* 880, 887 (14 S. E. 2d 50); *Jones* v. *Jones*, 196 *Ga.* 492, 495 (26 S. E. 2d 602). The plaintiff's case rests on an oral contract, and it clearly appears that the consideration of services performed by the plaintiff for the partnership and the moneys alleged to have been paid by him into the partnership were subsequent to the purchase of the partnership assets. "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase." *Hurst* v. *Hurst*, 182 *Ga.* 138 (184 S. E. 867), and citations.

4. Under the allegations of the petition, there was no implied resulting trust, and the plaintiff's action is controlled by the limitation of four years applicable to parol contracts. It follows that the court properly sustained the demurrers to the petition.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

<div align="center">Submitted January 13, 1954—Decided March 9, 1954—<br>Rehearing denied March 23, 1954.</div>

*Martin McFarland, Walter G. Cooper,* for plaintiff in error.

*Woodruff & Swift, H. A. Stephens, Jr., Martin McFarland, Walter G. Cooper, Woodruff, Swift & Stevens,* contra.

On January 27, 1953, Baker filed his petition against Schneider, Walsh, and Tesco Chemicals, Inc. The petition, as amended, in substance alleged: In the spring of 1941, the individuals named were working for a designated corporation, which began closing its department and its operations in Atlanta, and had for sale certain inventory and equipment which were offered for sale to Schneider. In June, 1941, an oral agreement was mutually made by the individuals, that Schneider would provide the purchase money and would purchase the inventory and equipment of the corporation located in Atlanta; that with the inventory thus obtained the individuals would establish a chemical business in Atlanta under the name of Tesco Chemical Company, to which Walsh and Baker would contribute their skill, knowledge, time, and work, as their respective contributions of capital, and the

new enterprise would be a mutual enterprise of the individuals. It was contemplated that the business, if successful, would eventually be incorporated. Baker received a salary of $175 per month from July 1, 1941, until July 1, 1946. He furnished consideration and services far beyond the contract, in that he worked an average of 72 hours per week. The reasonable valuation thereof was $400 per month, without overtime. The partnership agreement did not in express words provide how Baker would be taken care of, except to the extent Baker's work exceeded in value the amount of his salary, and, as of July 1, 1946, it amounted to a one-third interest. The individuals named were each a one-third owner of Tesco Chemical Company. Baker's interest, according to the original agreement, was a partnership interest. Baker's work was of pre-eminent importance in the success of the new business, since he was a skilled chemist of thirty years' experience, and it was necessary to have a chemist skilled in the chemical business. The contributions by Baker and Walsh over and above their salaries were made as investments of capital and were accepted as such by the new business. Baker in carrying out his agreement developed numerous formulas and products produced and sold by the partnership doing business as Tesco Chemical Company. In December, 1942, 1943, and 1944, Walsh and Baker each made payments of $750, or a total of $2,250, as investments of capital in the new business. About June, 1946, Schneider told Walsh that the business should be incorporated, and it was incorporated in June, 1946. Baker, being ill at the time, was not told of the incorporation "until sometime after it had occurred." The incorporation was not a settlement or adjustment of the previously existing rights in the ownership of the business. No attempt at an accounting was then made. The assets of the partnership constituted the entire consideration and value paid for the capital stock of the new corporation. Schneider is the owner of nearly all of the stock of the corporation. In equity, the capital stock of the corporation having been paid by the assets of the partnership, there is an implied resulting trust in favor of Walsh and Baker for their respective interests in the stock. It was the fiduciary duty of Schneider as a partner to notify Baker of the incorporation and the transfer of assets from the partnership. At Schneider's re-

quest, Baker paid $2,500 in December, 1946, to Schneider for the capital of the corporation, and made an additional payment of $2,000 in 1947. He did not receive any certificate of stock, and in equity Schneider holds certain stock in trust. After the incorporation of the business in 1946, Baker continued to render services and overtime work, which Schneider and the corporation accepted as an investment in the corporation, and Baker thus continued until June 15, 1948, to render such services and overtime work in excess of salary. The corporation has declared and paid dividends to other stockholders, but it has not paid any dividends to Baker. By reason of the success of the business, the value of the capital stock of the corporation has greatly enhanced in value, and Baker is entitled to his proportionate part of this enhancement of his investment. It is necessary that Tesco Chemicals, Inc., be made a party defendant in order that the respective stock interests of Schneider, Walsh, and Baker may be determined in an equitable accounting. In 1952 Schneider and Tesco Chemicals, Inc., refused to recognize Baker as having any interest in the stock of Tesco Chemicals, Inc. The accounting sought in this petition is complicated and requires an equitable accounting. The books and records of the business conducted by the three partners under the name of Tesco Chemical Company, and those of Tesco Chemicals, Inc., are in the possession and control of Schneider and Tesco Chemicals, Inc., and these defendants claim to own and possess the books in their own right and to the exclusion of Baker. In the organization of Tesco Chemicals, Inc., in 1946, Schneider was the "chief promoter, the president, a director, and virtually all of the stock was issued in his name. Walsh became vice-president and a director. Baker was in charge of the Chemical Department."

The prayers were for process, an equitable accounting, an accounting as to the capital stock of Tesco Chemicals, Inc., that Schneider be held to be a trustee for the shares of stock in Tesco Chemicals, Inc., "that in equity belong to the partnership of Schneider, Walsh, and Baker," that Tesco Chemicals, Inc., be required to account for dividends to which Baker is entitled, and for other relief.

Ground 3 of the defendants' general demurrers (that Baker's claim was barred by the statute of limitations) was sustained, and the petition dismissed. The exception is to that judgment.