210 Ga. 493 (1954)
80 S.E.2d 783
BAKER
v.
SCHNEIDER et al.
SCHNEIDER et al.
v.
BAKER et al.
18447, 18448.
Supreme Court of Georgia.
Submitted January 13, 1954.
Decided March 9, 1954.
Rehearing Denied March 23, 1954.
Martin McFarland, Walter G. Cooper, for plaintiff in error.
Woodruff & Swift, H. A. Stephens, Jr., Martin McFarland, Walter G. Cooper, Woodruff, Swift & Stevens, contra.
*496 HEAD, Justice.
1. A partnership may be created by parol contract. Code § 75-101. If there be no agreement as to the time of its continuance, the partnership is at will and may be dissolved at any time by any partner on the giving of three months' notice to his partners. Code § 75-106.
*494 2. The petition alleges that the business of the partnership was incorporated in June, 1946. The judgment of incorporation terminated the partnership and was notice to the plaintiff and all interested persons of its termination. The action for an accounting based on the parol contract of partnership, filed more than four years after the termination of the partnership, is barred by the statute of limitations. Code § 3-706.
3. The contention of the plaintiff that the defendant Schneider was a trustee under an implied trust can not be maintained. An implied trust is necessarily based upon an implied contract  implied either in fact or in law. Guffin v. Kelly, 191 Ga. 880, 887 (14 S. E. 2d 50); Jones v. Jones, 196 Ga. 492, 495 (26 S. E. 2d 602). The plaintiff's case rests on an oral contract, and it clearly appears that the consideration of services performed by the plaintiff for the partnership and the moneys alleged to have been paid by him into the partnership were subsequent to the purchase of the partnership assets. "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase." Hurst v. Hurst, 182 Ga. 138 (184 S. E. 867), and citations.
4. Under the allegations of the petition, there was no implied resulting trust, and the plaintiff's action is controlled by the limitation of four years applicable to parol contracts. It follows that the court properly sustained the demurrers to the petition.
Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.