### 77213. ROSE v. O'BRIEN.
(380 SE2d 730)

BENHAM, Judge.

This appeal is from an order granting summary judgment to appellee on the ground that appellant's suit was barred by the statute of limitation. Appellant brought suit against appellee to recover sums appellant contends were loaned to appellee over a period of time. Among other defenses, appellee asserted that since the last advance of money was made more than four years before appellant filed suit, the claim was barred by the period of limitation established in OCGA § 9-3-25. The trial court agreed.

1. The record in this case contains affidavits filed by the parties. In appellant's affidavit, he averred that the parties had an agreement for a continuing loan to be made, that repayment was to be made

when appellee could or when appellant made demand for repayment reasonable time in the future, and that appellant had made a demand within the period of limitation and less than four years before bringing suit. A reasonable time for making a demand in such a case has been held to be a time within the period of limitation. *Scarboro v. Ralston Purina Co.*, 160 Ga. App. 576, 578 (287 SE2d 623) (1981). The portion of appellee's affidavit pertinent to the statute of limitation issue is an averment that the loans were made more than four years earlier.

As may be seen, there is no basis in the record for granting summary judgment to appellee. The evidence on file presents a question of what the agreement of the parties was with regard to the time for paying back the loan and for making demand for repayment, as well as when demand was made. Appellee relies extensively on depositions, but there are none in the record and the clerk of the trial court has certified to this court that no depositions have been filed in this case. Since the evidence on file does not demand a finding that enforcement of the alleged promise is barred by the statute of limitation, the grant of summary judgment on that ground was error.

2. Appellee also argues that he was entitled to summary judgment on the ground that since the alleged promise to pay was not to be performed within a year, enforcement of the promise is barred by the Statute of Frauds. OCGA § 13-5-30 (5). However, appellant has sworn that he fully performed his part of the bargain he asserts existed between the parties by advancing the money to appellee. The Statute of Frauds does "not extend to the following cases: . . . (2) Where there has been performance on one side, accepted by the other in accordance with the contract; (3) Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31. See generally *Wilson v. Whitmire*, 212 Ga. 287, 290 (92 SE2d 20) (1956). If appellant's version of the facts of this case were to be accepted by a jury, enforcement of the promise to pay would not be barred by the Statute of Frauds.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 27, 1989.

*Lamb & Associates, Melody R. Hennick, Steven B. Horowitz*, for appellant.
*Harmon, Smith & Bridges, Marlan B. Wilbanks*, for appellee.