A03A1394, A03A1395. SINGLETON et al. v. TERRY et al.; and vice versa.

(584 SE2d 613)

ELDRIDGE, Judge.

In Case No. A03A1394, appellant-defendant William Singleton, the surviving partner of appellant-defendant United Tower Company, the partnership (collectively "United Tower" or "partnership"), appeal from the order of the Oconee County Superior Court granting in part and denying in part United Tower's motion for summary judgment as to the claims of appellee-plaintiff Sharon D. Terry, in her representative capacities as executor of the estate of her mother, Carol Walker Graziosi, and as administrator of the estate of her father, Angelo Augusto Graziosi, Jr. (collectively "Ms. Terry"), seeking an accounting of United Tower and damages arising out of Singleton's failure to wind up the partnership upon the death of his decedent partner, Ms. Terry's father. United Tower timely filed its answers denying the material allegations of the amended complaint and a counterclaim seeking, among other things, a declaratory judgment as to its ownership of the partnership's place of business, real property and a building located at 740 Adamson Drive, Monroe (the "property").

The record shows that the superior court granted United Tower summary judgment upon Ms. Terry's prayer for an accounting of the partnership — this as time-barred in the absence of fraud by the running of the four-year statute of limitation under OCGA § 9-3-25, but denied it summary judgment upon Ms. Terry's claims for breach of fiduciary duty. These sought damages for the value of Mr. Graziosi's interest in United Tower at the time of his death and for his share of the partnership's profits after his death.

United Tower challenges the partial denial of its motion for summary judgment, arguing that Ms. Terry's sole cause of action against the partnership was for a time-barred accounting; that Ms. Terry was estopped to assert any claim for breach of fiduciary duty for failure to plead such a duty; and that the ten-year statute of limitation for actions against fiduciaries, OCGA § 9-3-27, was inapplicable. Further, United Tower contends that the superior court erred in denying its motion to dismiss Ms. Terry's breach of fiduciary duty claims, again as not pled; and, at trial, erred in denying its motion for directed verdict, for want of any claim for breach of fiduciary duty; and erred in charging the jury on a partner's right to an accounting rather than for breach of fiduciary duty.

In Case No. A03A1395, cross-appellant-plaintiff Ms. Terry contends that the superior court erred in denying her motion for directed verdict as to United Tower's counterclaim seeking a judicial declaration of its ownership of the property and building where it did busi-

ness. On transfer from the Supreme Court of Georgia,[1] we find these claims of error to be without merit, and we affirm in both cases.

Based on an oral agreement of partnership, Singleton and Mr. Graziosi engaged in the business of building communications towers as the general partnership, United Tower. Upon Mr. Graziosi's death on January 2, 1995, his wife, Carol Graziosi, was named as the executrix of his will. Mrs. Graziosi died on January 5, 1999, and, on October 22, 1999, Ms. Terry, in her representative capacities as to her mother's estate and her father's will, filed the instant action, since no winding up of the partnership had occurred. At trial, although finding for United Tower as to Ms. Terry's claims for rents and ownership as to the partnership's place of business, the jury awarded Ms. Terry one-half the value of the partnership at dissolution upon Mr. Graziosi's death ($130,823.88) and one-half of United Tower's profits attributable to the use of Mr. Graziosi's right in the property and assets of the partnership after his death ($40,850). *Held*:

### Case No. A03A1394

1. United Tower contends that the partial denial of its motion for summary judgment was error in that Ms. Terry's *sole* right of action against the partnership was one for an accounting under OCGA § 14-8-43,[2] and such action was barred by OCGA § 9-3-25's four-year statute of limitation.[3] See *Baker v. Schneider*, 210 Ga. 493, 494 (2) (80 SE2d 783) (1954) (action for accounting based on parol contract of partnership, filed more than four years after termination of partnership barred by statute of limitation). Further, United Tower argues that there was no breach of fiduciary duty, none having been pled, and that the pertinent ten-year statute of limitation for breach of fiduciary duty was immaterial as a result. However, "[w]here[, as here,] a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment." (Citations omitted.) *Drillers Service v. Moody*, 242 Ga. 123,

---

[1] The Supreme Court transferred the main appeal to us, Case No. A03A1394, as not invoking its equity jurisdiction. The cross-appeal, Case No. A03A1395, was transferred as involving a suit to enforce an oral contract to sell land rather than the Supreme Court's title to land jurisdiction.

[2] "The right to an account of his interest shall accrue to any partner, his assignee, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." OCGA § 14-8-43.

[3] "All actions upon open account, or for breach of any contract not under the hand of the party sought to be charged, . . . shall be brought within four years after the right of action accrues." OCGA § 9-3-25.

124 (249 SE2d 607) (1978); *Womack v. State of Ga.*, 270 Ga. 56, 58 (2) (507 SE2d 425) (1998). This claim of error, as seeking review of the partial denial of summary judgment, is without merit.

2. The partnership contends that the superior court erred in denying its motion to dismiss for failure to state a claim upon which relief may be granted for the admission in judicio of counsel for Ms. Terry to the effect that Ms. Terry's amended complaint neither asserted nor pled a breach of fiduciary duty in United Tower. We disagree.

While the record shows that United Tower filed the motion to dismiss in issue on August 2, 2002, the pretrial order entered into by the parties and filed on August 6, 2002, is silent as to the pendency of the motion and does not otherwise list the defense in the order. Accordingly, the defense of breach of fiduciary duty as not raised upon the alleged admission in judicio of counsel was waived.

> A pretrial order limits the issues for trial to those not disposed of by admissions or agreements of counsel. The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. If a claim or issue is omitted from the order, it is waived.

(Citations and punctuation omitted.) *Long v. Marion*, 257 Ga. 431, 433 (2) (360 SE2d 255) (1987); see also *Rice v. Cropsey*, 203 Ga. App. 272, 273 (1) (416 SE2d 786) (1992).

Further, the record reflects that by letter, dated August 6, 2002, the superior court refused to consider United Tower's motion to dismiss as "not timely filed." This determination as presumptively correct, *Bridges v. State*, 227 Ga. 24 (2) (178 SE2d 861) (1970) (legality and regularity of court proceedings below presumed), there was no ruling in the superior court in any event. Consequently, even in the absence of waiver, there is nothing for us to review. See *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 604 (2) (527 SE2d 256) (1999) (nothing to review absent a ruling on issue).

3. United Tower next contends that the superior court erred in denying its motion for a directed verdict, made at the close of Ms. Terry's case-in-chief, for Ms. Terry's failure to present evidence at trial in support of more than a claim for an accounting which was barred by the applicable four-year statute of limitation (OCGA § 9-3-25). In this regard, United Tower renews its arguments in support of its claims in Divisions 1 and 2, i.e., that Ms. Terry's *sole* cause of action was one for a time-barred accounting; that the tort of breach of fiduciary duty was not in issue as neither asserted nor pled; and that the ten-year statute of limitation for breach of fiduciary duty (OCGA § 9-3-27) did not lie.

"In construing a legislative act, a court must first look to the literal meaning of the act. (Cit.) If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry. (Cit.)" *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227) (1990).

*Cross v. Stokes*, 275 Ga. 872, 878 (6) (572 SE2d 538) (2002). So construing OCGA §§ 14-8-42 and 14-8-43, we find mutually exclusive causes of action. In circumstances where a partnership is continued by a partner or partners *after* dissolution, OCGA § 14-8-42 provides a retiring partner or the estate of a deceased partner, "in the absence of a contrary agreement, [a right of action for] the value of the retiring or deceased partner's interest [in the partnership at the time of dissolution] plus either interest on [such] amount or profits attributable to the use of the [former] partner's property right by the new firm." OCGA § 14-8-42, Comment. OCGA § 14-8-43, on the other hand, by its own terms, provides any partner the right to an accounting of his or her interest *on* dissolution. Id.

In addition to an accounting, Ms. Terry's amended complaint sought damages for one-half the value of the assets of the partnership business at dissolution on the date of Mr. Graziosi's death and the profits attributable to the continuing partnership's use of his property right in the partnership. However, United Tower's status as a continuing partnership after dissolution upon Mr. Graziosi's death and the fact that no winding up of the partnership was undertaken is undisputed. Further, Ms. Terry was not without causes of action under OCGA § 14-8-42 for failure to expressly cast her claims thereunder as breaches of fiduciary duty. "Under notice pleading procedure of the Civil Practice Act, only a short and plain statement of the claim is required; nevertheless, a complaint must give a defendant notice of the claim in terms sufficiently clear to enable him to frame a responsive pleading thereto." *Allen v. Bergman*, 201 Ga. App. 781, 783 (3) (b) (412 SE2d 549) (1991); *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924) (1968). The partnership here claims no lack of notice, and the relationship as between partners is inherently of a fiduciary character. Fiduciary duties are owed by those in confidential relationships as defined by OCGA § 23-2-58. *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 606 (1) (503 SE2d 278) (1998); *Physician Specialists in Anesthesia v. Wildmon*, 238 Ga. App. 730 (521 SE2d 358) (1999). OCGA § 23-2-58 pertinently provides:

*Any relationship shall be deemed confidential*, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling

*authority over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.*

(Emphasis supplied.) Id.; see also OCGA § 14-8-21 ("Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from . . . any use by him of its property."). And, Ms. Terry thus having properly pled breach of fiduciary duty against the partnership, it is clear that a ten-year statute of limitation applies. OCGA § 9-3-27.[4]

The standard of review upon the denial of a motion for directed verdict is the "any evidence" test. *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 456 (2) (496 SE2d 546) (1998). "The question before this court is not whether the verdict and judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded." (Citations and punctuation omitted.) Id. See also OCGA § 9-11-50 (a). Based on this standard, we conclude that there was evidence to support the jury's verdict on Ms. Terry's OCGA § 14-8-42 claims for breach of fiduciary duty. Consequently, the superior court did not err in denying United Tower's motion for a directed verdict thereon.

4. Lastly, United Tower enumerates that the superior court erred in instructing the jury upon a cause of action for an accounting. Because United Tower failed to object to the superior court's charge in this respect before the return of the jury's verdict, this claim of error is waived on appeal. OCGA § 5-5-24 (a) ("[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection.").

## Case No. A03A1395

5. In Case No. A03A1395, cross-appellant-plaintiff Ms. Terry contends that the superior court erred in denying her motion for directed verdict, made at the close of the evidence, as to her claim of ownership in the property, United Tower's place of business. Ms. Terry contends that ownership of the property in United Tower was

---

[4] "All actions against executors, administrators, . . . guardians, [or trustees,] except on their bonds, shall be brought within ten years after the right of action accrues." OCGA § 9-3-27.

barred by the Statute of Frauds under OCGA § 13-5-30 (4).[5] Ms. Terry argues that Mr. Graziosi, individually, bought the property and borrowed money to build on the property; that neither Mr. Graziosi, Mrs. Graziosi, nor their estates sold the property; that United Tower had always occupied the property as a tenant; and that there is no signed written or parol contract for the sale of the property.

For its part, the partnership first argues the applicability of the exceptions to the Statute of Frauds under OCGA § 13-5-31, that are:

> [w]hen the [oral agreement] has been fully executed; [w]here there has been performance on one side, accepted by the other in accordance with the contract; [w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance.

OCGA § 13-5-31 (1)-(3). Secondly, the partnership argues that the parol agreement of the parties must be specifically enforced either for Ms. Terry's acceptance of full payment for the property as the seller or for her acceptance of partial payment upon the property accompanied by possession in it as buyer. OCGA § 23-2-131 (b).[6] We disagree.

United Tower introduced evidence showing that, before Mr. Graziosi's death in 1995, it rented the property from him for $7,200 per year; that in 1995, 1996, and 1997, pursuant to an oral agreement with Mrs. Graziosi, it made annual payments of $21,600 on Mr. Graziosi's bank note; that, in 1998, the partnership paid the loan off under a balloon provision in the amount of $95,110 by a United Tower check prepared by Mrs. Graziosi as an employee of the partnership payable to herself and signed by her; that the check was annotated "Down payment on Commercial Bldg. Located at 740 Adamson Drive"; and that, at pay-off, the property's appraised value was $114,943. This evidence was sufficient to raise a jury question as to whether the parol agreement of the parties should be removed from the Statute of Frauds. Moreover, the balloon payment on the loan, as annotated, at a minimum established a question for the jury as to whether there was partial performance accompanied by possession under OCGA § 23-2-131 (b).

---

[5] "To make the following obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him[, i.e.,] [a]ny contract for the sale of lands, or any interest in, or concerning lands." OCGA § 13-5-30 (4).

[6] "Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to have been done with reference to the parol contract, shall be sufficient part performance to justify a decree." OCGA § 23-2-131 (b).

Under these circumstances, we conclude that there was evidence to support the jury's verdict on United Tower's counterclaim as to its ownership of the property. As a result, the superior court did not err in denying Ms. Terry's motion for directed verdict upon the same. OCGA § 9-11-50 (a); *Pulte Home Corp. v. Woodland Nursery &c.*, supra.

*Judgments affirmed in appeal and cross-appeal. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 22, 2003 —
RECONSIDERATION DENIED JULY 7, 2003 — 

*Robert E. Jones*, for appellants.
*Blasingame, Burch & Garrard, E. Davison Burch*, for appellees.