A06A1573. HOMES OF GEORGIA, INC. v. HUMANA
EMPLOYERS HEALTH PLAN OF GEORGIA, INC. et al.
(640 SE2d 313)

MILLER, Judge.

Homes of Georgia, Inc. ("HGI") filed a complaint in the Superior Court of DeKalb County against Humana Employers Health Plan of Georgia, Inc., Humana Insurance Company f/k/a Employers Health Insurance Company, and Humana, Inc. (collectively "Humana") based on alleged overcharges for insurance renewal premiums pursuant to its contract for a small group health insurance plan (the "Contract" and the "Plan," respectively). The trial court ruled in favor of Humana's motion to dismiss, finding: (1) that all of HGI's claims were preempted by the Employee Retirement Security Act of 1974 ("ERISA"),

29 USC § 1001 et seq., as amended, and were not within ERISA's savings clause, ERISA § 514 (b) (2) (A), 29 USC § 1144 (b) (2) (A). The trial court dismissed Count 1 of the complaint (HGI's claim for breach of the Contract by considering health status as a factor in determining renewal premiums in violation of OCGA § 33-30-12), the breach of contract claim as barred based on HGI's failure to exhaust its administrative remedies. On appeal, HGI contends that the foregoing findings were error. This Court finds that HGI's claims are neither preempted by ERISA nor barred by a failure to exhaust administrative remedies. For these reasons, we reverse.

The record shows that HGI is a real estate business located in Alpharetta and owned by George S. Tong and Linda L. Tong. In January 1996, HGI applied to Humana for health insurance coverage for the Tongs and their only employee. Humana accepted their application, entering into the Contract to provide HGI insurance coverage. HGI paid the premiums and renewed the coverage in 1997 and 1998. In 1999, however, after Mr. Tong was diagnosed with prostate cancer, Humana raised HGI's monthly premium significantly.

In January 2000, Mrs. Tong complained to the Georgia Commissioner of Insurance (the "Insurance Commissioner") regarding the rate increases and asked that his office determine whether the increases violated the law. The Insurance Commissioner conducted an examination of Humana's practices, and in March 2000, found that Humana had improperly "use[d] health status factors" to calculate renewal premiums. Humana requested a hearing to challenge the Insurance Commissioner's finding, but in lieu of pursuing the administrative process further, ultimately entered into a consent order pursuant to which Humana agreed to pay a penalty of $1 million, which was allocated among all the group health plans affected by the order, including the Plan. HGI and the Tongs then sued Humana to collect premium renewal overcharges in breach of the Contract.

Humana removed the case from the trial court to the United States District Court for the Northern District of Georgia, asserting that federal question jurisdiction existed pursuant to the superpreemption doctrine under ERISA § 502 (a), 29 USC § 1132 (a). There, the Tongs voluntarily dismissed their individual State law claims against Humana and, by separate motions, moved to remand HGI's case to the trial court and to file an amended complaint, which motions the district court granted.

Upon remand to the trial court, HGI filed its amended complaint alleging breach of the Contract by considering health status as a rating factor in determining renewal premiums in violation of OCGA § 33-30-12 (Count 1); breach of the Contract by failing to cap premium

increases (Count 2); fraud for representing premium increases to be proper (Count 3); and a violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), OCGA § 16-14-4 (Count 4). The trial court's dismissal of the complaint followed.

> A [court's] ruling on a motion to dismiss is reviewed de novo. When the sufficiency of a complaint is questioned, the allegations in the complaint must be construed in the light most favorable to the plaintiff and with all doubts resolved in the plaintiff's favor. Unless the allegations when so viewed disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts, the motion to dismiss should not be granted.

(Citations and punctuation omitted.) *Vautrot v. West*, 272 Ga. App. 715, 720 (3) (613 SE2d 19) (2005).

1. HGI claims that its State law claims are not defensively preempted by ERISA because (a) such claims relate to the Contract, not the Plan, and, more particularly, (b) its premium for the Plan is incidental to the Contract and unrelated to the Plan as a benefit thereof. We agree and hold that HGI's claims are not subject to ERISA preemption.

(a) State law claims are defensively preempted if the plaintiff employer's claims "relate to" an ERISA plan. See *Advance PCS v. Bauer*, 280 Ga. 639, 641 (1) (632 SE2d 95) (2006) ("A cause of action 'relates to' [an ERISA] plan where it has a connection with or reference to such a plan.") (citation and punctuation omitted). Defensive preemption of State law claims will lie where "the terms or existence of [an ERISA] plan is a 'critical factor in establishing liability.' *Ingersoll-Rand Co. v. McClendon*, 498 U. S. [133, 139-140 (111 SC 478, 112 LE2d 474) (1990)]." *Advance PCS*, supra, 280 Ga. at 641 (1). Here, however, HGI does not seek to enforce rights related to the Plan. Rather, HGI seeks to enforce independent rights arising under the Contract and the Insurance Code.

An ERISA plan is the legal entity established to provide benefits to participants. ERISA § 3 (1), 29 USC § 1002 (1). A contract to provide such a plan is inherently not a part of the plan. See *Pegram v. Herdrich*, 530 U. S. 211, 223 (II) (C) (120 SC 2143, 147 LE2d 164) (2000) ("[W]hen employers contract with an HMO to provide benefits to employees subject to ERISA, the provisions of documents that set up the HMO are not . . . an ERISA plan. . . .") (citation omitted); accord *Sonoco Products Co. v. Physicians Health Plan*, 338 F3d 366, 373, n. 11 (4th Cir. 2003) ("a contract of insurance sold to a plan is not itself 'the plan' ").

Moreover, we note that HGI's claims seek relief under State "laws that regulate only the insurer, or the way in which it may sell insurance." (Citation and punctuation omitted.) *New York State Conference of Blue Cross &c. Plans v. Travelers Ins. Co.*, 514 U. S. 645, 663 (II) (C) (115 SC 1671, 131 LE2d 695) (1995). In this regard, Congress intended that ERISA preemption should extend only so far as required to "eliminat[e] the threat of conflicting or inconsistent State and local regulation of *employee benefit plans*." (Emphasis supplied.) Id. at 657 (II) (A).

Counts 1 and 2, alleging breaches of the Contract by violation of OCGA § 33-30-12 and by failure to cap premium increases, give rise to causes of action for breach of contract under State insurance laws; such laws are read into every insurance contract, even if not expressly alleged. *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (1) (300 SE2d 673) (1983). HGI's fraud and RICO claims (Counts 3 and 4, respectively) likewise seek relief under State laws that regulate insurance in that they are directed at the manner in which insurance may be sold. See *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F3d 1267, 1290 (11th Cir. 2005) (fraud claim arising out of the sale of plan insurance did not seek ERISA benefits); see also *Worsham v. Provident Cos.*, 249 FSupp.2d 1325 (N.D. Ga. 2002) (Absent a merger clause in a contract for insurance, a claim for fraudulent inducement and a claim under RICO for theft by deception is proper.).

(b) That HGI's claims seek only relief from alleged premium overcharges pursuant to the terms of the Contract, such claims cannot be preempted by ERISA upon being characterized as "benefits" related to an ERISA plan. Apart from insurance coverage in the traditional sense, "benefits" within the meaning of ERISA are rights to insurance coverage accruing to employee participants and their beneficiaries pursuant to an ERISA plan (ERISA § 3 (7) and (8), 29 USC § 1002 (7) and (8)), not rights possessed by the employer that established the plan. See *Butero v. Royal Maccabees Life Ins. Co.*, 174 F3d 1207, 1212 (II) (11th Cir. 1999) ("[ERISA § 502 (a), 29 USC §] 1132 (a)[,] grants employers no cause of action for damages."). While Humana argues that the right to obtain insurance coverage at a particular rate has been deemed a plan benefit pursuant to ERISA, it relies upon inapposite authority in which *employees*, as plan participants, brought actions for benefits. See, e.g., *Advance PCS*, supra, 280 Ga. at 639; *Heffner v. Blue Cross &c. of Alabama*, 443 F3d 1330 (11th Cir. 2006); *Magliulo v. Metro. Life Ins. Co.*, 208 FRD 55 (S.D. N. Y. 2002); *Toussaint v. JJ Weiser & Co.*, 2005 U. S. Dist. LEXIS 2133 (S.D. N.Y. Feb. 13, 2005).

Since HGI's claims do not "relate to" an ERISA plan and since HGI does not seek benefits related to ERISA, HGI's claims are not preempted by ERISA, and the trial court erred in ruling otherwise.

2. In light of our disposition of Division 1, the applicability of ERISA's savings clause in this case is moot.

3. HGI also contends that the trial court erred in finding that Count 1 of its complaint was barred by its failure to exhaust its administrative remedies. We find no such bar.

The trial court ruled that HGI was not entitled to sue for damages under OCGA § 33-30-12 in light of HGI's failure to exhaust its administrative remedies before the Insurance Commissioner and its acceptance of a portion of the penalty that Humana paid upon entering into the consent order of the Insurance Commissioner. Alleging such a violation of the Insurance Code, however, does not require the exhaustion of "administrative remedies before pursuing a class action even though the complaint allege[s] Insurance Code violations in support of . . . RICO and common law tort claims." *Griffeth v. Principal Mut. Life Ins. Co.*, 243 Ga. App. 618, 619 (533 SE2d 126) (2000); *Provident Indem. Life Ins. Co. v. James*, 234 Ga. App. 403 (506 SE2d 892) (1998). It follows that HGI's participation in the $1 million penalty imposed by the consent order does not waive Count 1 of its complaint. Notwithstanding the Insurance Commissioner's investigation to determine whether Georgia insurers had raised rates in violation of OCGA § 33-30-12, nothing in Georgia law supports the proposition that the "Insurance Commissioner has exclusive or even primary jurisdiction over such vested legal disputes." (Citation and punctuation omitted.) *Griffeth*, supra, 243 Ga. App. at 621, limiting *First Union Nat. Bank &c. v. Independent Ins. Agents &c.*, 197 Ga. App. 227, 228 (1) (398 SE2d 254) (1990).

Moreover, the Insurance Commissioner's directive indicated that Humana had improperly "use[d] health status factors" to calculate renewal premiums in violation of OCGA § 33-30-12. Since the Insurance Commissioner's directive agreed with HGI's position on the issue, HGI was not aggrieved by an agency decision, and it was not required to pursue an administrative remedy before filing its lawsuit on this basis as well. *Griffeth*, supra, 243 Ga. App. at 621. Consequently, the trial court erred in finding that Count 1 of HGI's complaint was barred for HGI's failure to exhaust the administrative process before the Insurance Commissioner.

Inasmuch as HGI's claims thus are neither preempted by ERISA nor subject to the exhaustion of administrative remedies doctrine, the trial court erred in dismissing HGI's complaint. HGI is therefore entitled to its day in court. "Unless the allegations [of a complaint, viewed in the light most favorable to the plaintiff,] disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts, the motion to dismiss should not be granted." (Citation and punctuation omitted.) *Vautrot*, supra, 272 Ga. App. at 720 (3).

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006 —
RECONSIDERATION DENIED DECEMBER 8, 2006 — 

*Doffermyre, Shields, Canfield, Knowles & Devine, Kenneth S. Canfield, David S. Hagy,* for appellant.

*King & Spalding, Richard L. Shackelford, Barry Goheen, Benjamin W. Pope, Tara L. Adyanthaya,* for appellees.