A07A1610, A07A1611. RINALDI v. WILLISON; and vice versa.
(656 SE2d 231)

RUFFIN, Judge.

Daniel Rinaldi, Jr. appeals the dismissal of his complaint in which he sought to recover on a loan he made to Robert Willison. Willison cross-appeals, arguing that the trial court should not have dismissed his counterclaim. For reasons that follow, we reverse both dismissals.

A dismissal should be granted "only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim."[1] We thus construe all the allegations in the complaint in a light most favorable to the complaining party and resolve all doubts in his favor.[2] Our review of a dismissal by the trial court is de novo.[3] So construed, the record shows that Rinaldi loaned Willison $100,399, of which Willison repaid only $25,827. Willison admits that Rinaldi loaned

---

[1] (Punctuation omitted.) *Smith Svc. Oil Co. v. Parker*, 250 Ga. App. 270 (549 SE2d 485) (2001).

[2] See *Homes of Ga. v. Humana Employers Health Plan of Ga.*, 282 Ga. App. 802, 804 (640 SE2d 313) (2006).

[3] See id.

him $100,399 and that he has repaid only $25,827, but disputes that he agreed to pay interest and has counterclaimed for $179,800 that he claims is owed to him by Rinaldi and thus offsets the debt. None of these debts is evidenced by a writing in the record.

Willison did not raise the Statute of Frauds as an affirmative defense in his answer; however, he asserted a Statute of Frauds defense to "certain of the terms now alleged" in the pretrial order that was entered by the trial court. When the case was called for trial, the trial court sua sponte raised the issue of the Statute of Frauds and, after hearing argument by counsel, dismissed both the complaint and the counterclaim because the underlying agreements were not evidenced by a writing.

1. Rinaldi and Willison agree that Rinaldi loaned Willison money and that Willison made a partial repayment. There is, however, no written documentation of the terms of the loan. The Georgia Statute of Frauds requires that "[a]ny commitment to lend money" must be in writing and signed by the parties.[4] But this provision addresses a commitment to lend money, not money which has already been loaned.[5] Moreover, "the provisions of the Statute of Frauds do not extend to cases where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."[6] Here, as the parties agree that money was loaned and partially repaid, this undisputed part performance of the contract removes it from the Statute of Frauds.[7] Accordingly, we reverse the trial court's dismissal of Rinaldi's complaint.

2. Similarly, the trial court should not have dismissed Willison's counterclaim on the basis of the Statute of Frauds. Willison contends that a debt which Rinaldi owed to TransOne, Inc. was assigned to him and that Rinaldi owes him $179,800.[8] Viewing the allegations of the counterclaim in a light favorable to Willison, the agreement at issue is one where money has already been loaned, and thus is outside the Statute of Frauds.[9] We therefore reverse the trial court's dismissal of Willison's counterclaim.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

---

[4] OCGA § 13-5-30 (7).

[5] See *Ades v. Werther*, 256 Ga. App. 8, 10 (1) (567 SE2d 340) (2002).

[6] (Punctuation omitted.) Id.; see *Investment Properties Co. v. Watson*, 278 Ga. App. 81, 84 (1) (628 SE2d 155) (2006).

[7] See OCGA § 13-5-31 (3); *Singleton v. Terry*, 262 Ga. App. 151, 156 (5) (584 SE2d 613) (2003).

[8] While the underlying loan agreement appears to have been an oral one, we note that in the pretrial order both parties list as evidence various documents related to TransOne, including the TransOne "Assignment to Robert Willison."

[9] See *Ades*, supra; *Rose v. O'Brien*, 191 Ga. App. 36, 37 (2) (380 SE2d 730) (1989).

DECIDED JANUARY 4, 2008.

*Samuel S. Woodhouse III*, for appellant.
*Raiford & Dixon, Tyler C. Dixon*, for appellee.