### A11A2248. BLOCKBUSTER INVESTORS LP v. COX ENTERPRISES, INC.

(724 SE2d 813)

MIKELL, Presiding Judge.

In this action for breach of a guaranty of a lease, landlord Blockbuster Investors LP ("Investors") appeals from the trial court's order dismissing Investors' complaint against Cox Enterprises, Inc. ("Cox"), and denying Investors' motion for judgment on the pleadings. We conclude that the trial court correctly ruled that, under the unambiguous terms of the guaranty at issue, Cox undertook to guarantee only the performance of the lease obligations of the tenant named in the guaranty agreement; and therefore Cox was not liable as guarantor of the lease obligations of a subsequent tenant under the lease. Accordingly, we affirm.

On appeal of a trial court's dismissal of a complaint, our review is de novo.[1] A motion to dismiss

> should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. We thus construe all the allegations in the complaint in a light most favorable to the complaining party and resolve all doubts in his favor.[2]

Further, "a trial court may properly consider exhibits attached to and incorporated in the pleadings in considering a motion to dismiss for failure to state a claim for relief."[3]

---

citation of authority or argument may be deemed abandoned).

[1] *Smith Svc. Oil Co. v. Parker,* 250 Ga. App. 270 (549 SE2d 485) (2001).

[2] (Punctuation and footnotes omitted.) *Rinaldi v. Willison,* 289 Ga. App. 87 (656 SE2d 231) (2008).

[3] (Footnote omitted.) *Hendon Properties v. Cinema Dev.,* 275 Ga. App. 434, 435 (620 SE2d

A trial court's dismissal of a claim for breach of contract is not error where the clear language of the contract attached to the plaintiff's complaint demonstrates that the plaintiff's claim fails as a matter of law.[4]

Properly construed, the complaint alleged that on June 19, 1990, Corporate Real Estate Developers, Inc. ("CRED"), as landlord, entered into a lease (the "Lease") with Cox Home Video, Inc. ("CHV"), as tenant, for certain premises located in Auburn, Alabama. On the same day, Cox executed a guaranty (the "Guaranty") with CRED, pursuant to which Cox guaranteed the performance of the tenant (defined in the Guaranty as CHV) under the Lease. Investors attached copies of the Lease and the Guaranty as exhibits to its complaint.

The complaint further alleged that Investors was successor-in-interest to CRED as landlord under the Lease,[5] and that Blockbuster Inc. was successor-in-interest to CHV as tenant under the Lease. After Blockbuster Inc. defaulted under the Lease, Investors, as landlord, brought the underlying action against Blockbuster Inc.[6] as tenant under the Lease and against Cox as guarantor under the Guaranty.

Cox filed a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6), on the ground that under the terms of the Guaranty, Cox guaranteed the performance of the Lease only as to CHV, the original tenant; and that its guaranty did not reach subsequent tenants, such as Blockbuster Inc. The trial court granted Cox's motion and denied Investors' motion for judgment on the pleadings. This appeal followed.

1. Investors contends that the trial court erred in applying Georgia law, where the Guaranty recited that it was to be construed "by the laws of the state in which the Property is located" — i.e., Alabama. However, under both Alabama and Georgia law, the rule is that where contractual language is clear and unambiguous, the court is obliged to enforce the contract according to its terms, looking to the contract alone for its meaning.[7] As stated in the Corpus Juris

---

644) (2005). See OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

[4] *Smith Svc. Oil Co.*, supra at 270-271 (1) (complaint based on breach of supply contract was subject to dismissal where contract was unenforceable on its face due to lack of provision for quantity to be supplied or of provision that buyer would obtain supply exclusively from seller).

[5] Investors acquired the premises and the Lease from CRED on September 25, 1992.

[6] The action against Blockbuster Inc. was administratively terminated after that entity filed for bankruptcy.

[7] *Highwoods Realty Ltd. Partnership v. Community Loans of America*, 288 Ga. App. 226, 227 (653 SE2d 807) (2007) (Georgia law); *Shoney's LLC v. MAC East, LLC*, 27 S3d 1216, 1222

Secundum, "If the laws [of the states at issue] do not conflict, there is no need to resolve the choice of law question, and the law of the forum applies."[8] Because the Guaranty at issue here was unambiguous as a matter of law, as discussed below, then to the extent the trial court applied Georgia law, any error is harmless.

2. Contrary to Investors' contention, the Guaranty in this case was unambiguous. Under the terms of the Guaranty, Cox "absolutely and unconditionally" guaranteed to CRED and its successors and assigns,

> the due and prompt performance and observance of all of the obligations of the tenant under that certain Lease ("Lease"), dated June 19, 1990 between Landlord [i.e., CRED] and Cox Home Video, Inc. ("Tenant") concerning [the subject property], including, but not limited to, the payment of rent, additional rent and all other payments to be made under the Lease.

As this language makes clear, the Guaranty defines the term "Tenant" used therein to mean CHV, with no mention of any extension of that term to CHV's successors and assigns. In contrast, the Guaranty specifically provides that it "shall inure to the benefit of the successors, successors-in-title and assigns of Landlord, including any subsequent holder of the Landlord's interest in the Lease." Therefore, under the Guaranty, Cox undertook to guarantee the obligations of CHV, but not of any of CHV's assigns.

In *Highwoods Realty*,[9] we found under similar circumstances that "[the guarantor] promised to make good on the lease obligations of [the lessee] to [the lessor]; it did not agree to make good on the lease obligations of any assigns of [the lessee]."[10] We explained that the *absence* of language as to the lessee's assigns, combined with the *inclusion* of language as to the lessor's assigns, demonstrated the intent of the parties: "when the parties intended to include assigns in a specified obligation, they did so: the guaranty made specific reference to [the lessor] and its assigns as the beneficiaries of the guaranty, with no reference to assigns of [the lessee] as entities

---

(Ala. 2009) (under Alabama law, "[i]f the court determines that the terms [of the contract at issue] are unambiguous (susceptible of only one reasonable meaning), then the court will presume that the parties intended what they stated and will enforce the contract as written") (citations and punctuation omitted).

[8] (Footnotes omitted.) 1A CJS, Actions, § 45.

[9] Supra.

[10] Id.

whose obligations [the guarantor] was guaranteeing.''[11] The same reasoning applies in the case before us.

Investors' efforts to avoid the definition of "Tenant" found in the Guaranty are strained and unpersuasive; and nothing in the remaining language of the Guaranty contradicts the conclusion we reached above. Because Cox's obligations under the Guaranty were unambiguously limited to guaranteeing the performance under the Lease of CHV only, and not of successor tenants, we affirm the order of the trial court.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 1, 2012.

*Fellows & LaBriola, Henry D. Fellows, Jr., Kevin P. Weimer*, for appellant.

*Dow Lohnes, Stacey A. Carroll, Weinberg, Wheeler, Hudgins, Gunn & Dial, Stephen W. Mooney, William C. Buhay, Henry C. DeBardeleben IV*, for appellee.

